**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| REMY SUANE, | |
| Plaintiff, | Case No.  19-cv-05844 |
| v. | Honorable John Z. Lee |
| LAKE COUNTY, LAKE COUNTY SHERIFF IDLEBURG, ARMOR CORRECTIONAL HEALTH SERVICES, INC., DR. ALVARO ENCINAS, DEPUTY CHIEF CROCKETT, STEPHEN KORUBA, LAKISHA FOWLER, AND MELLODY STANDFORD | |
| Defendants. | |

## <u>FIRST AMENDED COMPLAINT</u>

Plaintiff REMY SUANE, by and through his attorney, Martin Syvertsen, Freeborn & Peters, LLP, and as his amended complaint against Defendants LAKE COUNTY and LAKE COUNTY SHERIFF, ARMOR CORRECTIONAL HEALTH SERVICES, INC., DR. ALVARO ENCINAS, DEPUTY CHIEF CROCKETT, STEPHEN KORUBA, LAKISHA FOWLER, MELLODY STANDFORD and OTHER UNKNOWN MEDICAL STAFF and OFFICERS states the following:

### INTRODUCTION

1.     This lawsuit is brought by Plaintiff, Remy Suane, to recover for deliberate indifference to his serious medical needs while he was detained at the Lake County Jail in Illinois from approximately November 4, 2018 through August 20, 2019.

### JURISDICTION & VENUE

2.     This action seeks damages under federal law, Title 42 U.S.C. §1983, for defendants' continuing course of conduct from November 4, 2018 through August 20, 2019 which violated plaintiff's rights under the United States Constitution.

3.     The jurisdiction of the Court is invoked pursuant to the Constitution of the United States, the Civil Rights Act, 42 U.S.C. §1983. Venue in this District is predicated upon Title 28 U.S.C. Section 1391(b) as all events giving rise to the claims asserted herein took place within this Northern District of Illinois.

**PARTIES**

4.     At all times material hereto, the Plaintiff, Remy L. Suane was detained at the Lake County Jail in Waukegan, Illinois.

5.     The Lake County Jail is correctional facility operated by the Lake County Sheriff, Defendant John D. Idleburg.  On information and belief, Sheriff Idleburg was sworn-in as Sheriff on December 1, 2018.  Defendant John D. Idleburg, is the elected Lake County Sheriff and in that capacity serves as the chief administrator and final policy maker for the Lake County Sheriff's Department and the Lake County Jail. As such, at all times material hereto Idleburg acted under color of law and in the course and scope of his employment as the official policy maker on issues relating to the care and wellbeing of the detainees at the Lake County Jail, and the policies, procedures, practices, customs, as well as the acts and omissions, challenged by this suit, as more fully alleged herein, that proximately caused injury to the Plaintiff, all of which took place in violation of Section 1983.  The Lake County Sheriff is sued in his/its official capacity.

6. Defendant Lake County, Illinois is a municipal entity organized under the laws of the State of Illinois. Lake County is joined pursuant to *Carver v. Sheriff of LaSalle County*, 324 F. 3d 947 (7th Cir. 2003).

7. It was the responsibility of the Sheriff, as the official who ultimately bears responsibility for control and supervision of the operations at the Lake County Jail, to ensure that the medical needs of inmates are adequately met, regardless of whether, as a practical matter, medical tasks were actually carried out by the Sheriff or delegated to some other agency or entity.

8. Lake County and/or Sheriff Idleburg were also responsible for ensuring that the Lake County Jail is in compliance with federal and state law, department or agency policies, rules, and regulations and related standards of care.

9. Deputy Chief Crockett was also personally informed of Mr. Suane's serious medical needs. He was responsible for the control and supervision of operations at the Lake County Jail, to ensure that the medical needs of inmates are adequately met, regardless of whether, as a practical matter, medical tasks were actually carried out by the Sheriff or delegated to some other agency or entity. He is sued in his individual and official capacity.

10. Defendant Armor Correctional Health Services, Inc. [hereinafter Armor] a Florida corporation was at all times mentioned in this amended complaint, a contract provider of medical and mental health services to detainees at the Lake County Jail. Armor was responsible for providing experienced and qualified health care professionals to provide medical and mental health services to detainees, including but not limited to assessment of need for services, distribution of medication, provision of care and treatment services for all medical and mental health care needs and follow up; and for the hiring, training, supervision, and conduct of all

health care providers at the Lake County Jail. At all relevant times Armor was acting under color of law, and its agents and employees were acting within the course and scope of their employment.

11.     Defendant Armor was responsible for establishing and implementing the policies, procedures, practices, customs, as well as the acts and omissions, challenged by this suit.

12.     Dr. Alvaro Encinas was employed by Defendant County of Lake and/or Defendant Lake County Sheriff and/or Defendant Armor Correctional Services, who, at all times material to this Complaint, was engaged in the conduct complained of in the course and scope of his employment and acted under color of law. He is sued in his official and individual capacity.

13.     Stephen Koruba, Lakisha Fowler, and Mellody Standford were all part of the medical staff that Mr. Suane informed of his medical needs.  They were employed by Defendant Lake County and/or Defendant Lake County Sheriff and/or Defendant Armor Correctional Services, who, at all times material to this Complaint, were engaged in the conduct complained of in the course and scope of their employment and acted under color of law. They are sued in their official and individual capacity.

## FACTS

14.     On September 29, 2017, Mr. Suane was in a serious motor vehicle accident and sustained physical injuries that required ongoing medical care.  He was diagnosed primarily with lumbar facet syndrome, lumbar discogenic pain, and lumbosacral radiculopathy. Subsequent diagnostic imaging procedures identified a rib fracture and a fracture of his L5 vertebra.

15.     From September 2017 through October 2018, Mr. Suane underwent several surgeries and required extensive medical care for his back pain and ongoing complaints of flank pain.

- 4 -

16.     On November 4, 2018, Mr. Suane was detained at Lake County Jail. During his intake, Mr. Suane informed jail staff that he had been in a car accident and was continuing medical treatment for serious conditions related to that car accident.  He informed jail staff of his ongoing injuries from the car accident, and that he required off-site care and was taking prescription medications.  The intake officer acknowledged that Mr. Suane had "serious health needs" and ordered evaluation from a health care professional as soon as possible.

17.     Nevertheless, at intake, Dr. Alvaro Encinas ordered Mr. Suane to be placed in detox for benzodiazepine use.  This deprived Mr. Suane of needed prescription medication- and was a preview of future instances when Mr. Suane would be left without needed medication and care at times he needed it most.

18.     On November 17, 2018, a health care professional followed up to evaluate Mr. Suane. Mr. Suane told medical staff that he suffered from chronic back pain, and that he had back surgery that same year. He informed her that the medications the Jail were providing were not working and that he was unable to sleep due to the pain.

19.     On December 6, 2018, he again saw a nurse who noted his complaints of back pain and also noted his abnormal musculature in his left flank, which indicated his detached left flank muscle.

20.     Over the course of the following months, Mr. Suane would repeatedly inform jail staff and medical staff that he had diagnosed medical conditions for his back and flank and suffered from real and chronic pain.

21.     Jail staff were informed of Mr. Suane's serious medical need through his grievances, as well as through communications from Mr. Suane's daughter, also requesting Jail staff to provide necessary medical care for Mr. Suane.

22. Deputy Chief Crockett came to see Mr. Suane in his cell after receiving medical records and a request for help from Mr. Suane's daughter.

23 While detained at Lake County Jail, Mr. Suane made numerous requests through numerous channels for medical attention. He needed consistent medication, and more importantly, required off-site services to address his lumbar and flank issues.

24. However, Mr. Suane spent numerous weeks without the prescription pain medications when he was specifically making his needs known. He was never afforded the opportunity to get off-site attention for his diagnosed back injuries.

25. On or about August 20, 2019, Mr. Suane was transferred to Illinois Department of Corrections custody. During his time at Lake County Jail, he never received the medical attention he needed for his back and flank.

**EXHAUSTION OF ADMINISTRATIVE REMEDIES**

26. Mr. Suane filed numerous grievances requesting medical attention. Despite the grievances specifically requesting proper medication and appropriate off-site services, Mr. Suane never received the relief he requested in his grievances.

**COUNT I**
**§1983 Fourteenth Amendment**
**Deliberate Indifference**

27. Mr. Suane realleges paragraphs 1 through 26.

28. Mr. Suane alleges an action pursuant to the Fourteenth Amendment against all Defendants.

29. Mr. Suane, as a person in custody, was in a special relationship with the LCJ Defendants, within the meaning of the case law interpreting 42 U.S.C. §1983, which prohibits

any person acting under color of federal law, from subjecting any person in custody to punitive conditions of confinement without due process of law.

30. Defendants, acting under color of law, intentionally and with conscious, callous, and deliberate indifference deprived Mr. Suane of his constitutional rights to due process.

31. Defendants' above-described conduct, acts and/or omissions constituted deliberate indifference to Mr. Suane's serious medical needs, and violated his rights under the Fourteenth Amendment to the United States Constitution to due process of law, and violated 42 U.S.C. §1983.

32. Defendants' conduct, actions and/or omissions were the direct and proximate cause of the violations of Mr. Suane's Fourteenth Amendment rights, his suffering, anguish, other injuries.

WHEREFORE, pursuant to 42 U.S.C. §1983, Plaintiff demands actual or compensatory damages against Defendants, plus the costs of this action, plus attorneys' fees and such other and additional relief as this Court deems equitable and just.

## COUNT II
**42 U.S.C. §1983 Monell Policy, Practice and Custom Claim: Lake County Sheriff**

33. Mr. Suane realleges paragraphs 1 through 32.

34. The violations of Mr. Suane's constitutional rights under Fourteenth Amendment to the United States Constitution, her damages and the conduct of the individual defendants, were directly and proximately caused by the actions and/or inactions of the Lake County Sheriff, which have, with deliberate indifference:

a) failed to establish and/or implement policies, practices and procedures to ensure that inmates at Lake County Jail receive appropriate medical care for serious physical health needs, and if necessary, health care services outside the jail, and to do so without regard for profit or expense;

- 7 -

b) failed to establish and/or implement policies, practices and procedures to ensure that inmates at Lake County Jail receive appropriate medical care for serious medical needs;

c) failed to ensure through training, supervision and discipline that medical staff at Lake County Jail, in necessary circumstances, make a referral for health care services outside the jail;

d) failed to ensure through training, supervision and discipline that correctional and medical staff properly respond to inmates' medical conditions;

e) failed to contract for medical and mental health services in a manner so that financial incentives would not affect referring inmates for health care services outside the jail;

f) possessed knowledge of deficiencies in the policies, practices, customs and procedures concerning inmates, and approved and/or deliberately turned a blind eye to these deficiencies.

WHEREFORE, Plaintiff demands judgment against Defendant Lake County Sheriff for compensatory damages, plus costs and attorneys' fees and whatever additional relief this Court finds equitable and just.

## COUNT VII
### 42 U.S.C. §1983 Monell Policy, Practice and Custom Claim:
### Armor Correctional Health Services

35.     Plaintiff realleges paragraphs 1 through 32.

36.     The violations of Mr. Suane's constitutional rights under the Fourteenth Amendment to the United States Constitution, her damages and the conduct of the individual defendants, were directly and proximately caused by the actions and/or inactions of Armor, which have, with deliberate indifference:

a) failed to establish and/or implement policies, practices and procedures to ensure that inmates at Lake County Jail receive appropriate medical care for serious health needs, and necessary, health care services outside the jail;

b) failed to establish and/or implement policies, practices and procedures to ensure that inmates at Lake County Jail receive appropriate medical care for serious health needs;

c) failed to ensure through training, supervision and discipline that medical staff at Lake County Jail, in necessary circumstances, make a referral for health care services outside the jail;

d) failed to ensure through training, supervision and discipline that correctional and medical staff adequately communicate and document inmates' serious health conditions;

e) failed to ensure through training, supervision and discipline that correctional and medical staff properly respond to inmates' serious health conditions;

f) failed to contract for health services in a manner so that financial incentives would not affect referring inmates for health care services outside the jail;

g) possessed knowledge of deficiencies in the policies, practices, customs and procedures concerning inmates, and approved and/or deliberately turned a blind eye to these deficiencies.

WHEREFORE, Plaintiff demands judgment against Defendant Armor Correctional Health Services, Inc. for compensatory damages, plus costs and attorneys' fees and whatever additional relief this Court finds equitable and just.

Dated:   February 17, 2020

Respectfully submitted,

                /s/ Martin D. Syvertsen
Martin D. Syvertsen
FREEBORN & PETERS LLP
311 South Wacker Drive, Suite 3000
Chicago, Illinois 60606
Telephone:  312-360-6000
Facsimile:  312-360-6520
msyvertsen@freeborn.com

*Attorney for Plaintiff Remy Suane*

5171651v1/99900-0698

- 9 -